UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEONTAE GORDON #308075,

        Plaintiff,                 Case No. 2:14-cv-92

v.                                  HON. ROBERT HOLMES BELL

JEFFREY JENKINS, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a prisoner civil rights action brought by Deontae Gordon pursuant to 42 U.S.C. § 1983. Defendants Kenneth Dunton and Jeffrey Jenkins have filed a motion for summary judgment (Docket #38). Defendant Dunton maintains that plaintiff is unable to establish a valid First Amendment retaliation claim against him. Both defendants argue that, pursuant to 42 U.S.C. § 1997e(e), in order to recover monetary damages for mental or emotional injuries, plaintiff must demonstrate that he suffered a physical injury, and that plaintiff has failed to do so. Plaintiff filed a response to the motion (Docket #42) on January 26, 2015. Defendants filed a brief in support of their motion for summary judgment (docket #43) on February 5, 2015. Upon review, I recommend that defendants' motion for summary judgment be granted in part, and denied in part.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for

determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

In plaintiff's complaint, he alleges that on August 16, 2012, at approximately 8:00 a.m. he approached the control center in Round Unit to ask defendant Jenkins for an expedited legal form and a disbursement form. Defendant Jenkins, referring to several grievances plaintiff had filed in the preceding months, responded to plaintiff's request by stating, "I'm sick of these grievances, you messed up when you put my name in one. I'll destroy everything you have." Defendant Jenkins then walked over to plaintiff's cell, directed plaintiff's bunkmate to exit the cell, and began to rip up plaintiff's legal papers, throw plaintiff's pictures in the toilet, pour coffee on plaintiff's property, and throw trash on plaintiff's bunk. Defendant Jenkins then left the cell, threatening that plaintiff will get the same treatment everyday, until defendant Jenkins gets tired of him. Plaintiff then went to defendant Dunton's office, at approximately 8:05 AM, and requested to have his legal mail sent out. Defendant Dunton told plaintiff, "your not mailing out shit, you crossed the line with that grievance on the fucking doors." Defendant Dunton then told plaintiff to leave his office. Plaintiff was able to send out his legal mail approximately one to two days later.

Plaintiff claims that defendants' actions violated his First Amendment rights. Plaintiff filed grievances concerning the alleged retaliatory acts of defendants, which were denied at each step of the three-step grievance process. Plaintiff contends that defendants' conduct interferes with plaintiff's right to petition the government for redress of grievances in violation of the First Amendment. Defendant Dunton claims that plaintiff cannot demonstrate that defendant Dunton took an adverse action against him.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in Defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001), *citing Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

The Sixth Circuit has consistently held that the filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). The issue at bar is whether defendant Dunton's refusal to send out mail constitutes an adverse action. The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is

"*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original).

It is true that threats alone may satisfy the adverse-action requirement. *See, e.g., Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results). But in the instant case, this is unlikely. Plaintiff stated in his deposition that he had an alternative means of sending out his mail (Docket #39-2 p. 19). These "alternative means" render defendant's threats impotent, as they circumvent the harm that defendant was attempting to impose on plaintiff. Furthermore, plaintiff does not state that sending out his mail through other channels is unduly burdensome, inconvenient, or against Michigan Department of Correction's policy. Therefore, defendant's threats ring hollow, and a person of ordinary firmness would have no reason to be deterred from exercising his First Amendment rights. For the above reasons, plaintiff has failed to establish that his First Amendment rights were violated by defendant Dunton.

Defendants Dunton and Jenkins also claim that, because plaintiff has failed to demonstrate that he suffered a physical injury, plaintiff is not entitled to collect any damages for mental or emotional injuries under 42 U.S.C. § 1997e(e).

The Sixth Circuit has repeatedly held, albeit in unpublished decisions, that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) without a showing of physical injury. *See, e.g., Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001); *Robinson v. Corrections Corp. of America*, No. 99-5741, 2001 WL 857204, at *1 (6th Cir. June 20, 2001); *Oliver v. Sundquist*, No. 00-6372, 2001 WL

669994, at *2 (6th Cir. June 7, 2001); *Raines-Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000).  Section 1997e(e) states:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

In *King v. Zamiara*, the Sixth Circuit held that "deprivations of First Amendment rights are themselves injuries, apart from any mental, emotional, or physical injury that might also arise from the deprivation, and that § 1997e(e) does not bar all relief for injuries to First Amendments rights." *King v. Zamiara*, _ F.3d _, No. 13-1766/1777 *at 5-6 (6th Cir. June 1, 2015). The court based its decision on well founded canons of statutory construction. Namely, that statutes should be interpreted by their plain meaning, and the rule against surplusage. The statute itself says nothing about claims seeking redress for constitutional injuries, which "are distinct from mental and emotional injuries." *Id.* at 6. Therefore, to demand that First Amendment violations require a contemporaneous physical injury would render the phrase "for mental or emotional injury" superfluous. In light of this holding, it is clear that plaintiff need not suffer physical harm to recover compensatory damages for a First Amendment claim under § 1997e(e).

Finally, the court notes that defendant Jenkins does not seek summary judgment on the merits of Plaintiff's retaliation claims against him. Therefore, these claims are not properly dismissed.

For the foregoing reasons, I recommend that defendants' motion for summary judgment (Docket #38) be granted as to defendant Dunton and that he be dismissed from this action. In addition, as to defendant Jenkins, I recommend that his request for partial summary judgment based on Plaintiff's lack of physical injury be denied. Therefore, should the court adopt the report and recommendation in this case, Plaintiff's retaliation claims against defendant Jenkins remain.

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: July 2, 2015

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).