UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEONTAE GORDON #308075,

       Plaintiff,

                                       Case No. 2:14-CV-92

v.

                                       HON. ROBERT HOLMES BELL

JEFFREY JENKINS, et al.,

       Defendants.
                                    /

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On July 2, 2015, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment (ECF No. 42) be granted in part and denied in part. (R&R, ECF No. 47.) Plaintiff Gordon and Defendant Jenkins have filed timely objections to the R&R. (ECF Nos. 48, 49.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the Magistrate Judge's finding that there was no adverse action because Plaintiff had alternative means of sending out his mail. Plaintiff contends that, contrary to the Magistrate Judge's finding, he did not have alternative means of sending out his mail.

Plaintiff clearly stated in his deposition that he was able to send out his mail the next day, either through another ARUS or through Dunton. (ECF No. 39-2, PageID #193-94.) In order to defend against Defendants' motion for summary judgment, it was incumbent on Plaintiff to present evidence sufficient to create a material issue of fact for trial. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ." Fed. R .Civ. P. 56(c)(1)(A). Plaintiff's suggestion that other places in his deposition "could have possibly explained" that Plaintiff could not go to another ARUS to send out his legal mail (Pl. Obj. 3), is not sufficient to create an issue of fact for trial.

Plaintiff cites *Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002), in support of the proposition that in a case tried to a jury, the question of whether a particular action is capable of deterring a person of ordinary firmness must be decided by a jury. Plaintiff's reliance on *Bell* is misplaced. *Bell* held that whether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is generally a question of fact, but also recognized that some adverse actions are so de minimis that they do not give rise to constitutionally cognizable injuries. *Id.* at 603. In this case, the Magistrate Judge correctly determined that the availability of alternative means of sending out his mail rendered

defendant's threats impotent. (R&R 4.)

Defendant Jenkins objects to the R&R's determination that Plaintiff may collect damages for mental or emotional harm in the absence of a physical injury. (Defs.' Obj. 1.) Defendants have misconstrued the R&R. The R&R does not state that Plaintiff can obtain damages for mental or emotional harm in the absence of a physical injury. The R&R specifically quotes the statement from *King v. Zamiara*, 788 F.3d 207 (6th Cir. 2015), that constitutional injuries are "distinct from mental and emotional injuries," *id.* at 213. The *King* court held that "Because King's claim is not 'for mental or emotional injury,' § 1997e(e) does not preclude his claim merely because he does not also claim physical injury." *Id.* The R&R correctly concluded that Plaintiff need not suffer physical harm to recover "compensatory damages" for a First Amendment claim under § 1997e(e). (R&R 5.) Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 48) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Jenkins' objections to the R&R (ECF No. 49) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the July 2, 2015, R&R (ECF No. 47) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 38) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Defendant Dunton, and Defendant Dunton is **DISMISSED** from this action. Defendant

Jenkins' motion for partial summary judgment based on Plaintiff's lack of physical injury is **DENIED**.


Dated:  September 29, 2015                         /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE